IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-294-MEF |
| ) | |
| ARBOR STATION, ) | (WO- DO NOT PUBLISH) |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION AND ORDER**

On April 18, 2011, Plaintiff initiated this lawsuit by filing a Complaint (Doc. # 1), an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. # 3), and a Motion for Temporary Restraining Order (Doc. # 2). Proceeding *pro se*, Plaintiff brings suit against Arbor Station, an apartment complex located in Montgomery, Alabama. Plaintiff alleges that Arbor Station filed an unlawful detainer complaint[1] against her in the District Court for Montgomery County. She further alleges that Arbor Station prevailed in that complaint. Plaintiff paid a supersedeas bond and appealed to the Circuit Court of Montgomery County, Alabama. While her appeal was still pending, Arbor Station is alleged to have received and caused issuance on Plaintiff of a Writ of Possession. Because the Alabama Rules of Civil Procedure provide that an appellant may obtain a stay during appeal when she has given a supersedeas bond, Plaintiff contends that Arbor Station's actions violated her right to due process of law under the Fifth Amendment to the United States

---

[1] This is a type of legal action used in Alabama to evict tenants.

Constitution.  Plaintiff seeks a temporary restraining order prohibiting Arbor Station from acting on the Writ of Possession.

This Court now addresses only Plaintiffs' request for a temporary restraining order.  Federal Rule of Civil Procedure 65 sets forth the applicable restrictions on this Court's ability to grant a temporary restraining order.  For example, it is clear from the text of Rule 65(b) that a temporary restraining order may not be granted without notice to the adverse parties or their attorneys unless

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that a party's attorney can be heard in opposition, *and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.*

Fed. R. Civ. P. 65(b) (emphasis added).  The Court finds that Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 65(b)(2).  Nowhere in Plaintiff's submissions to this Court does Plaintiff certify in writing the efforts, if any, which have been made to give written or oral notice of this lawsuit or of this application for a temporary restraining order to Arbor Station or its attorneys.  Moreover, Plaintiff does not explicitly claim that such notice should not be required; nor does she provide any reasons why such notice should not be required. Accordingly, the Plaintiff's Motion for Temporary Restraining Order (Doc. # 2) is due to be and hereby is DENIED.

DONE this the 18th day of April, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE