IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 2:11-cv-294-MEF |
| | ) |
| ARBOR STATION, | ) (WO- DO NOT PUBLISH) |
| | ) |
| DEFENDANT. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On April 18, 2011, Plaintiff Nue Cheer Franklin ('Franklin") initiated this lawsuit by filing a Complaint, an Application to Proceed in District Court without Prepaying Fees or Costs, and a Motion for Temporary Restraining Order. Her initial Motion for a Temporary Restraining Order was denied. This cause is now before the Court on a second Motion for a Temporary Restraining Order (Doc. # 7) filed on April 19, 2011. The Court convened a hearing on the Motion with counsel for Defendant Arbor Station ("Arbor Station"), present on April 19, 2011.[1]

Proceeding *pro se*,[2] Franklin brings suit against Arbor Station ("Arbor Station"), the

---

[1] Arbor Station has not been properly served with summons and complaint, but the attorney who regularly represents Arbor Station came to the hearing at the request of the Court.

[2] All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by

apartment complex located in Montgomery, Alabama at which she currently resides. Franklin alleges that Arbor Station filed an unlawful detainer complaint[3] against her in the District Court for Montgomery County. She further alleges that Arbor Station prevailed in that complaint. Franklin paid a supersedeas bond and appealed to the Circuit Court of Montgomery County, Alabama. While her appeal was still pending, Arbor Station is alleged to have obtained a Writ of Possession, which it caused to be issued to Franklin. Because the Alabama Rules of Civil Procedure provide that an appellant *may* obtain[4] a stay during appeal when she has given a supersedeas bond, Franklin contends that Arbor Station's actions, namely proceeding with evicting her from her apartment, violated her right to due process of law under the Fifth Amendment to the United States Constitution. For this alleged violation of her rights, Franklin seeks a monetary award to compensate her for her emotional distress and other damages.

Although her Complaint contains no request for injunctive relief, Franklin seeks a temporary restraining order prohibiting Arbor Station from acting on the Writ of Possession.

---

*Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

[3] This is a type of legal action used in Alabama to evict tenants.

[4] Franklin argued at the hearing that the issuance of the stay is automatic. For purposes of determining this motion, the Court need not and does not reach this question.

Specifically, she asked the Court to stop Arbor Station from evicting her from apartment in which she resides. This Court now addresses only Franklin's request for a temporary restraining order.

The four substantive criteria[5] for obtaining a temporary restraining order are identical to those for the issuance of a preliminary injunction. *See, e.g.*, *Windsor v. U.S.*, 379 Fed. Appx. 912, 916-17 (11th Cir. 2010). Thus, a district court may grant injunctive relief to a party seeking entry of a temporary restraining order only if that party shows:

> (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury unless the injunction issues; (30 "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party"; and (4) the injunction would not be adverse to the public interest.

*Windsor*, 379 Fed. Appx. at 915 (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). *Accord Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). "[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Windsor*, 379 Fed. Appx. at 915. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

By this action, Franklin seeks an award of money damages, fees, and costs for alleged

---

[5] For the moment, the Court will assume, for the sake of argument, that Franklin has satisfied the technical criteria for the issuance of a temporary restraining order, which criteria are set forth in Federal Rule of Civil Procedure 65(b).

3

violations of her rights under the Fourteenth Amendment[6] to the United States Constitution which provides in pertinent part as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV § 1. Although she does not invoke it explicitly in her Complaint, Franklin's claims fall under 42 U.S.C. § 1983, which provides a remedy when person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See, e.g.,* 42 U.S.C. § 1983.[7] To employ

---

[6] Although Franklin alleged that she had been deprived of her property rights without due process of law in violation of the Fifth Amendment of the United States Constitution, the Fifth Amendment applies to persons acting under color of federal law, not state law. *Schweiker v. Wilson,* 450 U.S. 221, 226 n.6 (1981); *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952) (Fifth Amendment applies to federal government action not private action). Franklin does not allege, nor does it appear, that Arbor Station acted under color of federal law. To the contrary the pleadings and the argument at the hearing all referred to defendant's actions pursuant to Alabama law. Given that Franklin's claims allege violation of her constitutional right to due process by someone acting pursuant to state law, the claim is more properly characterized as one alleging a violation of the Fourteenth Amendment, rather than the Fifth Amendment.

[7] Section 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

§ 1983 to secure a remedy for a deprivation of a federally secured right, a plaintiff must generally show that the alleged deprivation was committed by a person acting under color of state law. *See, e.g., West v. Atkins*, 487 U.S. 42 (1988); *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-77 (11th Cir. 2003). Conversely, purely private conduct is not within the reach of the statute. *Focus on the Family,* 344 F.3d at 1277.

Even if the Court were to assume that there was some way for Franklin to bring suit for alleged violations of her Fourteenth Amendment rights other than by using § 1983, she still must show some state action. The Fourteenth Amendment applies only to state action. *See, e.g., Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) (Fourteenth Amendment of the Constitution can be violated only by conduct that may be fairly characterized as state action); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978) (explaining that only a state or private person whose action may be treated as that of the State itself may deprive a plaintiff of an interest encompassed within the Fourteenth Amendment's protection).

At the hearing, Franklin admitted that she had no reason to believe that Arbor Station is anything other than a private actor.[8] Because the conduct alleged in the complaint does not represent a deprivation of a constitutional right attributable to a state actor, Franklin has failed to demonstrate a likelihood of success on the merits of her claim. Given this lack of

---

[8] Counsel for Arbor Station made a representation at the hearing as an officer of the Court that Arbor Station is a private entity and not a state or federal actor.

likelihood of success on the merits, Franklin has failed to establish the first substantive prerequisite for a temporary restraining order.

Although this finding alone is fatal to her motion, the Court notes that Franklin also failed to establish the other prerequisites to the issuance of a temporary restraining order. For example, the only remedies sought in the Complaint itself are legal and not equitable. By seeking only damages, Franklin concedes the possibility that adequate compensatory or other corrective relief will be available in the future. Such a concession weighs heavily against a claim of irreparable harm which is one of the prerequisites to the issuance of a temporary restraining order. Moreover, Franklin makes no effort to even address the other two prerequisites to the issuance of a temporary restraining order.

For the foregoing reasons, Franklin's Motion for Temporary Restraining Order (Doc. # 7) is due to be and hereby is DENIED. It is further ORDERED that the Clerk of the Court shall provide a copy of this Memorandum Opinion and Order to Justin Matthew Parnell, Parnell & Crum, P.A., P.O. Box 2189, Montgomery, AL 36102.

DONE this the 21st day of April, 2011.

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE