IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-294-MEF |
| ) | [wo] |
| ARBOR STATION ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6, filed April 18, 2011). For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) and the motion to amend (Doc. 11, filed April 28, 2011) be denied.[1]

**I. PARTIES AND COMPLAINT**

On April 18, 2011, Plaintiff Nue Cheer Franklin ("Franklin" or "Plaintiff") initiated this lawsuit by filing her complaint along with a request for a temporary restraining order and a motion to proceed *in forma pauperis*. *See* Docs. 1-3. In her complaint, Franklin states that the Defendant Arbor Station ("Arbor Station" or "Defendant") filed an unlawful detainer

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

complaint[2] against her in the District Court for Montgomery County. *See* Doc. 1. Arbor Station prevailed in that complaint, but Franklin paid a supersedeas bond and appealed to the Circuit Court of Montgomery County, Alabama. *Id*. Franklin further alleges Arbor Station violated her Fifth Amendment right to due process by obtaining a Writ of Possession while her underlying state appeal remains pending. *Id*. There is little detail beyond that information in her complaint. *Id*. Franklin also filed two separate motions for temporary restraining order ("TRO"). *See* Docs. 2 and 7. A hearing was held on the second motion on April 19, 2011. The Court issued its memorandum opinion and order denying the TRO request. *See* Doc. 8. The Court now conducts its mandatory review required under cases seeking to proceed pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(e)(2)(B). The Court also reviews the amended complaint attached to Franklin's *Motion to Amend Complaint*. *See* Doc. 11.

## II. DISCUSSION AND ANALYSIS

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart*

---

[2] This is a type of legal action used in Alabama to evict tenants.

*Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."). While 28 U.S.C. § 1915 authorizes suits by litigants without prepayment of fees, it does not authorize abuse of the legal system.

> The pauper's affidavit should not be a broad highway into the federal courts. Indigence does not create a constitutional right to the expenditure of public funds and valuable time of the courts in order to prosecute an action which is totally without merit.

*Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (internal citations omitted). Therefore, a two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted).

First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J. concurring) (Section 1915(e) applies to all litigants proceeding *in forma pauperis*). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it

appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[3]

For the purposes of this opinion, the Court assumes, *without deciding*, that Franklin satisfies the economic criterion to proceed *in forma pauperis*. The Court is also of the view that the complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[4]

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

[4] The Court has some concerns as to Plaintiff's motion to proceed *in forma pauperis* as it is aware that Plaintiff received a significant settlement in a different case barely a year ago. However, for the purposes of this opinion, because the claims warrant dismissal prior to service of process, it is unnecessary to conduct a hearing on the *in forma pauperis* motion to determine its merit.

A.      **Original Complaint Against Defendant Arbor Station**

In the opinion denying the motion for a TRO, the Court noted that though she claims a Fifth Amendment violation, Franklin's claim is more properly characterized as one alleging a violation of the Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983.[5] *See* Doc. 8. Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity security by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[6] "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347-48 (11th Cir.

---

[5] "Although Franklin alleged that she had been deprived of her property rights without due process of law in violation of the Fifth Amendment of the United States Constitution, the Fifth Amendment applies to persons acting under color of federal law, not state law. *Schweiker v. Wilson,* 450 U.S. 221, 226 n.6 (1981); *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952) (Fifth Amendment applies to federal government action not private action). Franklin does not allege, nor does it appear, that Arbor Station acted under color of federal law. To the contrary the pleadings and the argument at the hearing all referred to defendant's actions pursuant to Alabama law. Given that Franklin's claims allege violation of her constitutional right to due process by someone acting pursuant to state law, the claim is more properly characterized as one alleging a violation of the Fourteenth Amendment, rather than the Fifth Amendment." *See* Doc. 9 at p. 4 n. 1.

[6] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2006) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Further, the Supreme Court has reiterated a § 1983 cause of action requires "*both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999)) (emphasis in original). The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Martinez v. Ashtin Leasing, Inc.*, 2011 WL 873302, *1(11th Cir. 2011) (unpublished) (quoting *Pinellas*). Further, "only in rare circumstances can a private party be viewed as a "state actor" for § 1983 purposes." *Weaver v. James Bonding Co., Inc.*, 442 F.Supp.2d 1219, 1223 (S.D. Ala. 2006) (citations omitted). In short, purely private conduct is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *Pinellas*, 344 F.3d at 1277.

For a private person such as Arbor State to qualify as a "state actor" under § 1983, one of the three tests must be satisfied:

(1)   "State Compulsion Test" wherein the state has coerced or significantly

encouraged the violative conduct;

(2)  "Public Function Test" wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and

(3)  "Nexus/Joint Action Test" wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise.

*Pinellas*, 344 F.3d at 1277 (citing *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993); *Weaver*, 442 F.Supp.2d at 1223 (citing *Rayburn*, 241 F.3d at 1347 and *Green v. Abony Bail Bond*, 316 F.Supp.2d 1254, 1259-60 (M.D. Fla. 2004)). The application of these three tests patently establish Arbor Station was not a state actor.

Under the "State Compulsion Test," there is absolutely no mention in the complaint that any government official of any kind did anything to coerce or encourage Arbor Station to commit the alleged wrongful acts. The "public function analysis is a stringent test requiring a showing that private actors have been given powers or are performing functions that are 'traditionally the exclusive prerogative of the State." *Weaver*, 442 F.Supp.2d at 1224 (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992)). A private entity obtaining a Writ of Possession and evicting her from her apartment is certainly not the exclusive prerogative of the government. As such, the Public Function Test is not met. Finally, to satisfy the Nexus/Joint Action Test, "the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Rayburn*, 241 F.3d at 1348 (citations

omitted). Again, there is absolutely no reference that a government body played any part in the actions by Arbor Station. The facts as pled by Franklin unambiguously establish that Arbor Station performed a private function arising an eviction action. Moreover, during the hearing on the TRO, "Franklin admitted that she had no reason to believe that Arbor Station is anything other than a private actor" and "Counsel for Arbor Station made a representation at the hearing as an officer of the Court that Arbor Station is a private entity and not a state or federal actor." *See* Doc. 8 at p. 5 and n. 8. Thus, Arbor Station was not a state actor and Franklin has no claim under § 1983. As such, any § 1983 claims are due dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**B.     Proposed Amended Complaint Adding Defendants**

Franklin also seeks to amend her complaint. See Doc. 11, filed April 28, 2011. Under normal circumstances the Court would permit an amendment as a matter of course pursuant to FED. R. CIV. P. 15 (a)(1). However, the amended complaint Franklin attaches does not comply with M.D. Ala. Local Rule 15.1. Local Rule 15.1 states that "[a] party who moves to amend a pleading, document or other papers shall attach the original of the amendment to the motion. Any amendment to a pleading, document or other papers, whether filed as a matter of course or upon motion to amend, must, except by leave of Court, reproduce the entire pleading, document or other papers as amended, and may not incorporate any prior pleading, document or other papers by reference. A failure to comply with this rule is not grounds for denial of the motion." The amended complaint submitted incorporates the

original complaint and does not stand-alone as its own independent document as required. As such, the motion to amend should be denied. Further, there is no point in permitting Franklin to fix her amended complaint to comply with M.D. Ala. LR 15.1 because the amendment would be futile. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005) ("[A] district court may dismiss when such amendment would be futile."); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). The Eleventh Circuit has explicitly "found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Sibley*, 437 F.3d at 1073 (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)). That is clearly the case here which the Court will briefly address below.

### i.    Judge Pool and Judge Reese

As to Montgomery County District Court Judge Jimmy B. Pool ("Judge Pool") and Montgomery County Circuit Court Judge Eugene W. Reese ("Judge Reese") for actions they took while acting in their judicial capacities, they are entitled to absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all

jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (citing *Stump*, 435 U.S. at 356, 98 S.Ct. 1099). Whether a judge's actions were made while acting in his or her judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his or her judicial capacity. *See, e.g., Sibley*, 437 F.3d at 1070; *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

In her proposed amended complaint, Franklin complains that Judge Pool and Judge Reese did not appropriately handle her state court appeal and allegedly engaged in inappropriate *ex parte* communications. Franklin's allegations against Judge Pool and Judge Reese all clearly implicate acts taken in their respective judicial capacities for which they are entitled to absolute judicial immunity. As it is clear that Franklin cannot cure this pleading defect, she should not be permitted to amend her complaint to add them as defendants as the amendment would be futile. *See Bryant*, 252 F.3d at 1163.

### ii.     J. Matthew Parnell, Esq. and Parnell and Crum PA

As already discussed in the section pertaining to the claims against Arbor Station, private conduct is not actionable under § 1983. In her proposed amended complaint,

Franklin seeks to add J. Matthew Parnell, Esq. ("Attorney Parnell") and Parnell & Crum, P.A. ("Parnell & Crum"). Her allegations stem from Attorney Parnell's actions in representing Arbor Station in the state court action seeking to evict Franklin from her home. She alleges that he made willful misrepresentations to the court, wrongfully obtained a writ of possession, and engaged in *ex parte* communications with the judges. The Court discerns that Franklin alleges Attorney Parnell acted improperly in his representation of Arbor Station. This conduct, even if accepted as true, does not subject Parnell to § 1983 liability as it is still only private conduct and not state action.

Moving to the firm, the only connection Parnell & Crum has to Plaintiff's claims is that it is the law firm which employs Attorney Parnell. As there is no *respondeat superior* for § 1983 claims Parnell & Crum may only be held liable for its own unconstitutional conduct and not that of subordinates or employees. *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978); *Holloman ex. rel. Holloman v. Harland*, 370 F.3d 1252, 1290 (11th Cir. 2004). Further, even if Franklin were to make specific allegations against the firm, it is still not subject to § 1983 for purely private conduct.

As a result, permitting Franklin to amend her complaint to add these defendants is unnecessary because the amendment would be futile.

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1)   Assuming *arguendo* that the Motion for Leave to Proceed *in forma pauperis*

(Doc. 3) is due to be granted, the complaint should still be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

(2)   Plaintiff's motion to amend (Doc. 11) be DENIED as futile.

(3)   Any outstanding motions be DENIED as moot.

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **May 23, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 9th day of May, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE