IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NUE CHEER FRANKLIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-cv-294-MEF |
| | ) | |
| ARBOR STATION, | ) | (WO- DO NOT PUBLISH) |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

On April 18, 2011, Plaintiff Nue Cheer Franklin ('Franklin") initiated this lawsuit by

filing a Complaint, an Application to Proceed in District Court without Prepaying Fees or

Costs, and a Motion for Temporary Restraining Order.[1]  Proceeding *pro se*,[2] Franklin brings

suit against Arbor Station ("Arbor Station"), the apartment complex located in Montgomery,

Alabama at which she currently resides.  Franklin alleges that Arbor Station filed an unlawful

---

[1]  This Court has previously denied Franklin's requests for temporary restraining orders.

[2]  All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

detainer complaint[3] against her in the District Court for Montgomery County.  She further

alleges that Arbor Station prevailed in that complaint.  Franklin paid a supersedeas bond and

appealed to the Circuit Court of Montgomery County, Alabama.  While her appeal was still

pending, Arbor Station is alleged to have obtained a Writ of Possession, which it caused to

be issued to Franklin.  Because the Alabama Rules of Civil Procedure provide that an

appellant *may* obtain[4] a stay during appeal when she has given a supersedeas bond, Franklin

contends that Arbor Station's actions, namely proceeding with evicting her from her

apartment, violated her right to due process of law under the Fifth Amendment to the United

States Constitution.  For this alleged violation of her rights, Franklin seeks a monetary award

to compensate her for her emotional distress and other damages.

On April 28, 2011, Franklin filed a Motion to Amend Complaint (Doc. # 11).  This

proposed amendment would add the following as party defendants: Justin Matthew Parnell,

Esq.; Parnell & Crum, P.A.; Montgomery County District Court Judge Jimmy B. Pool; and

Montgomery County Circuit Court Judge Eugene W. Reese.  The amendment contained

allegations that these defendants conspired to deprive Franklin of her right to liberty and

property and denied her due process of law.

On May 9, 2011, Magistrate Judge Moorer filed a Report and Recommendation (Doc.

# 12) in this action.  He recommended the dismissal prior to service of the claims originally

---

[3]  This is a type of legal action used in Alabama to evict tenants.

[4]   Franklin argued at the hearing that the issuance of the stay is automatic.  For
purposes of determining this motion, the Court need not and does not reach this question.

set forth in the Complaint and the denial of the motion to amend.  This Court agrees with the

legal analysis of the Report and Recommendation.  Specifically, the claims in the original

Complaint which were stated against Arbor Station necessarily fail as it is not a "state actor"

such that it can be subject to suit pursuant to 42 U.S.C. § 1983.  Furthermore, this Court

agrees with the legal analysis of the Report and Recommendation which advises that the

motion for leave to amend to allow the addition of claims against Judge Reese and Judge

Pool should be denied because they enjoy absolute judicial immunity.  Moreover, the Court

finds that neither Parnell & Crum, nor Justin Matthew Parnell constitute state actors such that

Franklin can bring claims against them pursuant to 42 U.S.C. § 1983 for allegedly depriving

her of constitutionally granted rights.  Nothing in Franklin's Objection compels any other

conclusion and her objections are due to be OVERRULED.

Two weeks after the entry of the Report and Recommendation which recommended

the effective termination of this action, Franklin filed another Motion to Amend Complaint

(Doc. # 14).  The proposed Second Amended Complaint also seeks to add the following as

party defendants: Justin Matthew Parnell, Esq.; Parnell & Crum, P.A.; Montgomery County

District Court Judge Jimmy B. Pool; and Montgomery County Circuit Court Judge Eugene

W. Reese.  Count A1 sets for a claim pursuant to 42 U.S.C. § 1983 against Arbor Station for

allegedly violating her right to due process of law.  Count A2 alleges that Arbor Station

unlawfully evicted her in violation of her constitutional rights.  Count A3 and Count A4

allege claims against Arbor Station pursuant to the Alabama Residential Landlord and Tenant

Act of 2007.   Count A5 and Count A7 allege claims against Arbor Station for fraud.  Count

A6, Count A8, Count A9, and Count A10 allege claims against Arbor Station under the Fair

Debt Collection Practices Act.  Counts B1 through B3 allege claims against Justin Matthew

Parnell pursuant to the Fair Debt Collection Practices Act.  Count B4 alleges a claim against

Justin Matthew Parnell for negligence or legal malpractice.  Count C1 through C4 seek to

hold Parnell & Crum, P.A. vicariously liable for the actions of Justin Matthew Parnell.

Count C5 seeks to hold Parnell & Crum, P.A. liable for negligently hiring and supervising

Justin Matthew Parnell.  Franklin also includes claims against Judge Pool and Judge Reese

for allegedly violating her constitutional right to due process.

To the extent that this Second Amended Complaint seeks to bring claims against

private actors like Arbor Station for alleged violations of Franklin's rights under the United

States Constitution, it suffers the same defects previously identified.  Similarly, the claims

Franklin would bring against the state court judges pursuant to 42 U.S.C. § 1983 are futile

as such claims are barred by the doctrine of judicial immunity.  Some of the claims which

Franklin now wishes to raise cannot be said, at least at this juncture, to be subject to either

dismissal prior to service or a ruling that they are futile and may not be added to this lawsuit.

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Objection to the Magistrate's Recommendation (Doc. # 13) is OVERRULED.

2.  The Report and Recommendation of the Magistrate Judge (Doc. # 12) is

ADOPTED to the extent it recommends the dismissal pursuant to 28 U.S.C. § 1915 of the

claims in the Complaint (Doc. #1) and the denial of the Motion to Amend (Doc. # 11).  It is REJECTED to the extent that it recommends dismissal of the entire action and denial of certain motions as moot.

3.  The claims against Arbor Station contained in the Complaint (Doc. # 1) are DISMISSED.

4.  The Motion to Amend (Doc. # 11) filed on April 28, 2011 is DENIED.

5.  The Motion to Amend (Doc. # 14) filed on May 23, 2011 is GRANTED in PART and DENIED in PART.

6.  On or before July 1, 2011, Franklin shall file an Amended Complaint.  That Amended Complaint may not include claims against Arbor Station pursuant to 42 U.S.C. § 1983, nor may it contain claims against either Judge Pool or Judge Reese.

7.  This case is referred back to the Magistrate Judge for action or recommendation on all pretrial matters, including the Motion for Leave to Proceed *In Forma Pauperis* (Doc. # 3), which motion remains pending.

DONE this the 22nd day of June, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE