IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUE CHEER FRANKLIN )<br>  )<br>     Plaintiff,  )<br>  )<br>v.   )<br>  )<br>ARBOR STATION, LLC,  )<br>JUSTIN MATTHEW PARNELL, esq.,  )<br>PARNELL AND CRUM, P.A.,  )<br>  )<br>  )<br>     Defendants.  ) | CASE NO. 2:11-cv-294-MEF |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6, filed April 18, 2011). For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

### I. INTRODUCTION

The Plaintiff, Nue Cheer Franklin, ("Franklin") who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on April 18, 2011. In her Complaint, Franklin alleges that Arbor Station, an apartment complex located in Montgomery, Alabama where she

---

[1] The statute provides, in pertinent part:"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

currently resides, filed, through its counsel, Justin Matthew Parnell,, an unlawful detainer complaint against her in the District Court for Montgomery County. She further alleges that Arbor Station prevailed in that complaint. Franklin paid a supersedeas bond and appealed to the Circuit Court of Montgomery County, Alabama. While her appeal was pending, Arbor Station is alleged to have obtained a Writ of Possession in violation of Ala. Rule Civ. Pro. 62 (d) and Franklin's Fifth Amendment right to due process. (Doc. 1, Complaint and Doc. 15, June 22, 2011 Memorandum Opinion and Order and *See Arbor Station Apartments v. Nue Franklin* DV- 2011-52.

Franklin filed a Motion to Amend the Complaint on April 28, 2011. (Doc. 11). The Magistrate Judge recommended dismissal of the Complaint and denial of the Motion to Amend. (Doc. 12). Prior to the Court entering an Order on the Recommendation, Franklin filed a Second Motion to Amend and a Second Amended Complaint. (Doc. 14). On June 22, 2011, the Court entered an Order adopting the Recommendation to the extent that it recommends dismissal of the claims in the Complaint (Doc. 1) and denial of the Motion to Amend filed April 28, 2011. (Doc. 11). The Court further Ordered that the Motion to Amend filed on May 23, 2011 (Doc. 14) be Granted in Part and Denied in Part. Finally, the Court Ordered Franklin to file an Amended Complaint which does "not include any claims against Arbor Station pursuant to 42 U.S.C. § 1983" and does not "contain claims against either Judge Pool or Judge Reese." (Doc. 15). On June 28, 2011, Franklin filed a Third Amended Complaint (Doc. 16). Following a return from appeal on the Court's June 22,

2011 Memorandum Opinion and Order, Franklin filed a Fourth Amended Complaint (Doc. 30).

The allegations in her Fourth Amended Complaint arise from same set of facts plead in the initial Complaint filed in this court. In the Fourth Amended Complaint, Franklin states that there was an underlying action initiated by Arbor Station in Montgomery County District Court alleging unlawful detainer and seeking possession of property. Plaintiff states she filed an appeal from this ruling. While her appeal was pending, Arbor Station is alleged to have obtained a Writ of Possession in violation of Ala. Rule Civ. Pro. 62 (d) and Franklin's Fifth Amendment right to due process. (Doc. 1, Complaint; Doc. 30, Fourth Amended Complaint and Doc 15, June 22, 2011 Memorandum Opinion and Order).

Franklin alleges state law claims against Arbor Station pursuant to *Ala. Code* §§ 35-9A-461(a)(c)(e), 35-9A-407, 35-9A-201, 35-9A-163(a)(3), 35-9A-421, 6-6-332; and for Fraud and Unjust Enrichment. She also alleges state law claims against attorney Justin Matthew Parnell pursuant to *Ala. Code* § 35-9A-461(a) and (e) and for negligence or legal malpractice. She also alleges state law claims against Parnell & Crum, P.A. for negligent hiring, negligent training, and negligent supervision. In addition, Franklin alleges claims pursuant to the Fair Debt Collection Practices Act §§ 15 U.S.C. 1692e(2)(5)(10) against Arbor Station, a debt collector, for using "false and misleading information" during various proceedings in the prior state court action involving unlawful detainer and seeking possession of her property. Franklin also alleges a claim pursuant to the FDCPA § 1692f(1) against

Arbor Station for an attempt to collect legal fees from her which is prohibited by the Alabama Uniform Residential Landlord Tenant Act. Because the action before this court now is premised on a prior state court action, the court will consider whether the current action is barred by res judicata.

## II. DISCUSSION AND ANALYSIS

"Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each case." *Draper v. Atlanta Indep. Sch. Sys.,* 377 Fed. Appx. 937, 940 (11th Cir. 2010) *certiorari denied*, 131 S.Ct. 342, 178 L.Ed. 2d 223, 79 USLW 3205 (Oct. 4, 2010) *citing Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992). "We have consistently concluded that when the substance and facts of each action are the same, res judicata bars the second suit." *Id*. In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11th Cir. 1986), the Court summarized the doctrine of res judicata as follows:

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. . . . In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted). *See also Manning,* 953 F.2d at 1358 (recognizing Alabama case law also sets forth these four requirements in order for res judicata to attach).

Indeed, the general rule is that a federal court will apply the law of the state in which it sits on the doctrine of res judicata. *Wesch v. Folsom,* 6 F. 3d 1465 (11th Cir. 1993); *but see, Diaz v. Moore,* 861 F.Supp. 1041, 1046, fn 16 (N.D. Fla.1994) (recognizing that some courts have called this rule into question, where, as in the instant case, a federal court is "considering the preclusive effect of a prior *federal court judgment.*")(emphasis in original.) Federal common law and Alabama common law are consistent as to the law of res judicata and the court will rely on both state and federal cases in this recommendation. The court now turns its attention to how the elements of res judicata apply in the instant action.

**(1)    A Final Judgment**.

On January 6, 2011, Arbor Station filed an unlawful detainer action against Franklin in Montgomery County District Court. *See Arbor Station Apartments v. Nue Franklin* DV-2011-52. Justin Matthew Parnell represented Arbor Station in this action. On February 11, 2011, Montgomery County District Court Judge Jimmy Pool entered judgment for possession in favor of Arbor Station. Franklin appealed the judgment to the Montgomery County Circuit Court and the case was remanded to District Court on April 11, 2012. On remand, the District Court issued a writ of possession. Thereafter, Franklin filed a Motion to Quash the Writ of Possession which was denied on April 18, 2011. On September 2, 2011, Franklin filed a Motion to Vacate Order and Return Supersedeas Bond. The District Court denied the Motion on November 30, 2011. On December 13, 2011, Franklin filed a Motion to Amend Judgment. By Order of December 29, 2011, the District Court set a hearing on that Motion

for March 5, 2012 at 8:30 am. On March 5th, Judge Pool entered an Order denying Defendant's Motion to Amend Judgment.

The court now turns to whether the underlying state court judgment in favor of Plaintiff on the writ of possession is a judgment on the merits.

> "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions. Key factors in determining whether a judgment may be considered as on the merits are that there have been notice and an opportunity to be heard . . .
>
> "It is not necessary, however, that there should have been a trial. If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is on the merits, although there was no actual hearing on the facts of the case."

*Mars Hill Baptist Church of Anniston, Ala., Inc. v. Mars Hill Missionary Baptist Church*, 761 So.2d 975 (Ala. 2000). *See also Bd. of Tr. of the Univ. of Ala. v. Am. Res. Ins. Co., Inc.*, 5 So.3d 521, 533 (Ala. 2008) (same); *A.B.C. Truck Lines v. Kenemer,* 247 Ala. 543, 546, 25 So.2d 511, 513 (Ala.1946) (same).

A review of the Case Action Summary in DV-2011-52 makes clear that District Court Judge Jimmy Pool held a hearing on February 11, 2011 prior to entering judgment for possession in favor of the plaintiff Arbor Station. Franklin appealed this judgment to the Circuit Court. Following remand, the District Court issued a writ of possession. Thereafter, the District Court denied Franklin's Motion to Quash the Writ of Possession. Franklin filed

a Motion to Amend Judgment which was denied after a hearing by District Court Judge Jimmy Poole on March 5, 2012.  Thus, it is clear that Franklin had notice of the state court's action and had more than one opportunity to be heard.  Accordingly, the Court concludes that the state court's determination in favor of Arbor Station on the unlawful detainer action and the issuance of the writ of possession was a final judgment on the merits.

**(2) Court of Competent Jurisdiction**

Arbor Station filed an unlawful detainer action against Franklin in the District Court of Montgomery County, Alabama pursuant to Ala. Code 1975 §§ 6-6-310 et seq.  *See Arbor Station Apartments v. Nue Franklin*  DV- 2011-52.  In the Complaint, Plaintiff demands possession from Defendant for the dwelling located at 2475-G Meadow Ridge Lane, Montgomery Alabama 36117.  Section 6-6-330 Ala. Code (1975) specifically states that "unlawful detainer" actions are "cognizable before the district court of the county in which the offense is committed.  Section 6-6-350 Ala. Code (1975) allows a party to appeal a judgment of the District Court to the Circuit Court.  Accordingly, the District Court of Montgomery County and the Circuit Court of Montgomery County, Alabama are both courts of "competent jurisdiction".  *See, I.A. Durbin*, 793 F.2d at 1549.

**(3)    Identical Parties**.  Parties are "identical" for purposes of res judicata when they are the same or in privity with one another.  *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990).  Arbor Station, an apartment complex, was represented in the prior state court action against Franklin by J. Matthew Parnell.  In the case at bar, Franklin alleges

claims pursuant to the Fair Debt Collection Practices Act §§ 15 U.S.C. 1692e(2)(5)(10) against Arbor Station, for using "false and misleading information" during various proceedings in the prior state court action involving unlawful detainer and seeking possession of her property.  Franklin also alleges a claim pursuant to the FDCPA § 1692f(1) against Arbor Station for an attempt to collect legal fees from her which is prohibited by the Alabama Uniform Residential Landlord Tenant Act.  In addition, Franklin alleges state law claims against Arbor Station for Fraud and Unjust Enrichment and  state law claims against attorney Justin Matthew Parnell for negligence or legal malpractice arising from actions taken in the state court proceeding.  She also alleges state law claims against Parnell & Crum, P.A. for negligent hiring, negligent training, and negligent supervision.

In *Thompson v. SouthTrust Bank*, 961 So.2d 876, 883 (Ala. Civ. App. 2007), the court, while noting that in Alabama the term "privity" had not been uniformly defined with respect to res judicata, observed that it was often deemed to arise from

> "(1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; [or] (3) an identity of interest in the subject matter of litigation."  Thus, the existence of privity has generally been resolved "on an ad hoc basis in which the circumstances determine whether a person should be bound by or entitled to the benefits of a judgment."

*Hughes v. Martin*, 533 So.2d 188, 191 (Ala.1988).  Clearly, Arbor Station, as plaintiff in the prior state court action and defendant in the case at bar, has an "interest in the subject matter of litigation."  Likewise, Justin Matthew Parnell, as attorney for Arbor Station against Franklin in the prior state court action, stands in privity of law with Arbor Station and as a

defendant in the case at bar has an "interest in the subject matter of litigation. The only party in the case at bar, which was not a party to the prior unlawful detainer state court action, is Parnell and Crum, P. A., Justin Matthew Parnell's employer.

*Thompson* involved a lawsuit in which Thompson sued a bank and two of its employees asserting claims of negligence, wantonness and fraud relating to representations made by the bank concerning an anticipated load for the purchase of apartments. Prior to the filing of the case against SouthTrust and two of its employees, Thompson had filed in 2002 a suit against only the bank, a suit which the court characterized as alleging the same primary wrong; Thompson lost that lawsuit, and for that reason the two bank employees could "take advantage of the previous adjudication in favor of SouthTrust." *Thompson,* 961 So.2d at 883. *Thompson* thus stands for the proposition that an agent and the agent's employer are in privity with respect to actions in which they have "an identity of interest in the subject matter of the litigation." 533 So.2d at 191. It follows, therefore, that Parnell and Crum, P.A., should be bound by or entitled to the benefits of the judgment issued in the prior state court action because even its tangential involvement in the facts of this case place them in positions of "interest in the subject matter of the litigation." *Id.*[2]

**(4)     The Same Cause of Action.** In *Manning v. City of Auburn*, the Court

---

[2] Even were the Court to conclude Parnell & Crum, P.A. is not in privity with Justin Matthew Parnell, and thus, this case and the prior state court action do not involve "identical parties", the fact remains that Plaintiff alleges only state law claims against Parnell & Crum P.A.. Specifically, Franklin alleges claims against Parnell & Crum, P.A. for negligent hiring, negligent training, and negligent supervision of J.Matthew Parnell. Thus, the court lacks subject matter jurisdiction over those state law claims.

summarized the law regarding when a cause of action is the same for purposes of res judicata as follows:

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. *Hunt,* 891 F.2d at 1561 (quoting *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5th Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). The test is one of substance, not form. *I.A. Durbin,* 793 F.2d at 1549. *Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" Hunt,* 891 F.2d at 1561 *(despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol*) (quoting *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir. 1984)); *Jaffree v. Wallace,* 837 F.2d 1461, 1468 (11th Cir. 1988) (second suit barred because "[b]oth cases raised first amendment (free exercise and establishment clause) challenges to use of textbooks and teachings on various subjects"); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) (section 1983 action against city that refused to hire plaintiff as firefighter due to her sex precluded by earlier Title VII action on same facts).

953 F.2d 1355, 1358-59 (11th Cir. 1992). (Emphasis added.)

Franklin alleges claims in the case at bar against Arbor Station, J. Matthew Parnell and Parnell and Crum, P.A. arising from the prior state court action involving unlawful detainer and seeking possession of her property. Franklin alleges Defendants "false and misleading information" during different stages of the prior state court action to deprive her of her property located at 2475-G Meadow Ridge Lane, Montgomery Alabama 36117. Thus, the issues in the prior litigation are identical to the issues raised in this lawsuit because the claims in the case at bar and the prior state court action for unlawful detainer "arise[] out of

the same 'operative nucleus of fact." *Id.*

Moreover, "[r]es judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

> "Res judicata is a broad, judicially developed doctrine, which rests upon the ground that public policy, and the interest of the litigants alike, mandate that there be an end to litigation; that those who have contested an issue shall be bound by the ruling of the court; and that issues once tried shall be considered forever settled between those same parties and their privies. 46 Am.Jur.2d *Res Judicata* § 395 (1969). 'The principle of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results.' 'Developments in the Law-Res Judicata,' 65 Harv. L.Rev. 820 (1952)."

*Thompson v. SouthTrust Bank,* 961 So. 2d 876, 885 (Ala. Civ. App. 2007). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Driessen v. Fla.*, 401 Fed. Appx. 435 (11th Cir. 2010) quoting *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999). The Court, therefore, concludes that the Franklin's claims in the present action are barred by the doctrine of res judicata. The Court further concludes that the complaint fails to state a claim upon which relief maybe granted, and therefore, warrants dismissal prior to service of process under 28 U.S.C. § 1915 (e)(2)(B).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. §

1915(e)(2)(B).

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **December 20, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 5th day of December, 2012.

      /s/Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE